**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STX, LLC,<br>1500 Bush Street<br>Baltimore, MD 21230<br>a Maryland Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>HARROW SPORTS, INC.<br>600 West Bayaud Ave.<br>Denver, Colorado 80223<br>a Colorado Corporation,<br><br>　　　　Defendant. | Civil Action No.:<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

　　　　Plaintiff, STX, LLC, through its undersigned counsel, for its Complaint alleges as follows:

**NATURE OF THE ACTION**

　　　　1.　　　　This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**THE PARTIES**

**A.　　THE PLAINTIFF**

　　　　2.　　　　Plaintiff STX LLC ("STX") is a limited liability company organized and existing under the laws of the State of Maryland, has a principal place of business at 1500 Bush Street, Baltimore, Maryland, 21230, and is doing business in this District.

3. STX manufactures lacrosse and field hockey equipment, including protective eyewear, otherwise known as goggles, for use in women's lacrosse and field hockey, for sale in this District, in the United States, and throughout the world.

**B.    THE DEFENDANT**

4. Defendant Harrow Sports, Inc. ("Harrow") is a Colorado corporation, having a principal place of business at 600 West Bayaud Ave., Denver, Colorado 80223 and is doing business in this District.

5. Harrow manufactures lacrosse and field hockey equipment, including protective eyewear, otherwise known as goggles, for use in women's lacrosse and field hockey, for sale in this District, in the United States, and throughout the world.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of the claims asserted in this action under 28 U.S.C. § 1331 and 1338(a).

7. This Court has personal jurisdiction over Harrow because Harrow is doing business in this District, has committed acts of infringement in this District, and/or has caused harm or tortuous injury in this District by acts therein.

8. Venue properly lies in this district under 28 U.S.C. § 1400(b) because Harrow is subject to personal jurisdiction in this District.

**COUNT I**
**PATENT INFRINGEMENT – U.S. PATENT NO. 8,327,466**

9. STX realleges and incorporates by reference paragraphs 1 through 8 above as if fully set forth herein.

10.     STX is the exclusive licensee of, and has the right to sue to enforce, United States Patent No. 8,327,466 (the "'466 patent"), which issued on December 11, 2012, for an invention entitled "Protective Eyewear." A copy of the '466 patent is attached hereto as **Exhibit A.**

11.     The license to STX grants it the exclusive right to make, use, sell, offer to sell, import and/or license protective eyewear, otherwise known as goggles, incorporating the invention claimed in the '466 patent .

12.     STX has manufactured and sold products covered by the '466 patent, including 4*Sight* model goggles for lacrosse and the 2*See* model for field hockey.

13.     Harrow has infringed and/or is continuing to infringe on claims of the '466 patent by making, using, offering to sell, and selling protective eyewear, otherwise known as goggles, under the names "XV3 Lacrosse Goggle" and "XV3 Field Hockey/Lacrosse Goggle" ("the Accused Products") throughout the United States, including in this Judicial District, which embody or are covered by the '466 claims. Attached as **Exhibit B** are printouts of current pages from Harrow's Online Store website evidencing the offering of these products for sale by Harrow.

14.     Harrow first introduced and began to market its Accused Products at least as early as May, 2011.

15.     STX at that time notified Harrow of STX's published application for what has now issued as the '466 patent. That May 11, 2011 notification letter, a copy of which is attached as **Exhibit C**, pointed out that the XV3 goggle was "constructed in line with the applied for claim elements mentioned in the preceding paragraph [of the letter], including the more recent cheek member design." It continued by noting that, "as such, the *XV3* goggle gives rise to provisional rights under §154(d)  that enable STX to collect at least royalty damages if a patent issues in a form substantially identical to the published [ ] Application." In full text, the letter stated as follows:

> On April 7, 2011, STX's U.S. patent application (No. 12/574,240) for protective eyewear published (Exhibit 1). The '240 is a Continuation Application of U.S. Patent No. 7,617,544, about which we previously corresponded and entered into a Settlement Agreement dated March 2, 2010. Notice of the published '240 Application is hereby given to Harrow Sports pursuant to 35 U.S.C. §154 (d).
>
> The claims sought in the '240 Application are generally directed to a cage goggle construction that feature forehead members, strap portions, cheek members, upper bars, lower bars and main support bars as described and claimed in the '240 Application. One differentiating element of the '240 Application is the design of the bar described in the Application as the cheek member.
>
> The *XV3* goggle model now offered for sale by Harrow Sports for field hockey is constructed in line with the applied for claim elements mentioned in the preceding paragraph, including the more recent cheek member design. Harrow's web page and marketing materials featuring the *XV3* goggle (Exhibit 2) confirm this. As such, the *XV3* goggle gives rise to provisional rights under §154(d) that enable STX to collect at least royalty damages if a patent issues in a form substantially identical to the published '240 Application..
>
> Please immediately cease and desist the manufacture, sale and marketing of the *XV3* goggle or, in the alternative, contact the undersigned to discuss a licensing arrangement.

16. Instead of ceasing manufacture, sale and marketing of the Accused Products, and instead of contacting STX to discuss a licensing arrangement, Harrow instead chose to ignore STX and continued to manufacture, sell and market the Accused Products without a license.

17. On December 11, 2012, as alleged in Paragraph 10 above, the '466 patent issued.

18. In violation of 35 U.S.C. §271(a)-(c), Harrow directly infringes the '466 patent through the manufacture, use, offer to sell, and/or sale of its Accused Products.

19. Harrow's infringement is deliberate, willful, wanton, and intentional.

20. Plaintiff STX manufactures and sells protective eyewear, otherwise known as goggles, incorporating the invention of the '466 patent in competition with Harrow's Accused Products.

21. Harrow has caused and will continue to cause STX substantial damages and injury, including lost profits due to lost sales of STX's protective eyewear, otherwise known as goggles, incorporating the invention of the '466 patent, by virtue of its past and continuing infringement of the '466 patent and STX's provisional rights from the '240 Application.

22. STX will suffer further damage and injury unless and until Harrow is enjoined by this Court from continuing such infringement. The damage caused by Harrow is irreparable and cannot be adequately compensated for in money damages.

## PRAYER FOR RELIEF

WHEREFORE, STX respectfully requests that Judgment be entered that Harrow has infringed valid claims of the '466 patent and that STX be granted the following relief:

(a) Entry of a preliminary injunction pending resolution of this action and a permanent injunction thereafter restraining Harrow, its officers, agents, servants, attorneys and all persons acting in concert with Harrow from further acts of infringement of the '466 patent;

(b) An accounting of damages, and an award of damages sufficient to compensate STX for Harrow's infringement of the '466 patent; including where applicable and permitted by law, enhanced, punitive, treble and/or statutory damages (including damages under 35 U.S.C. § 284);

(c) An award of prejudgment interest pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '466 patent by Harrow until the day a damages judgment is entered herein, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing thereafter until such judgment is paid;

(d) An award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Harrow's willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284;

(e) That STX recover from Harrow an award of STX's reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, and STX's costs of suit, pursuant to 35 U.S.C. § 284;

(f) Such other and further relief as this Court shall deem appropriate.

STX, LLC

By: */s/ James K. Archibald*
James K. Archibald (Bar No. 00097)
Chief Litigation Counsel
STX, LLC
1500 Bush Street
Baltimore, MD  21230
(410) 783-0144
jima@wmtburnett.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

STX, LLC

By: */s/ James K. Archibald*
James K. Archibald (Bar No. 00097)
Chief Litigation Counsel
STX, LLC
1500 Bush Street
Baltimore, MD  21230
(410) 783-0144
jima@wmtburnett.com

Dated:  February 19, 2013